# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSE ISAIC SABILLON RODRIGUEZ,

      Petitioner,

      v.                                       Case No. 2:26-cv-02041 KWR-LF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso*,
*U.S. Immigration and Customs Enforcement*,
TODD LYONS, *Acting Director*,
*Immigration and Customs Enforcement*,
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

      Respondents.

## <u>ORDER DENYING HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a noncitizen in ICE custody. Petitioner previously filed a habeas case, and a bond hearing was ordered. In this second habeas case, he now asserts that his detention is prolonged, and the immigration judge failed to place the burden of proof on Respondents at his bond hearing, violating due process. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

## BACKGROUND

Petitioner is a citizen of Honduras in ICE detention at the Otero County Processing Center in New Mexico. He asserts that he has lived in the United States for over 22 years.  Doc. 1 at 3.

On November 13, 2025, he was arrested in Florida by local police for leaving the scene of an accident that resulted in serious bodily injury, and for not having a valid driver's license.  Doc. 7 at 2. The state criminal charges were dropped on April 2, 2026.  *Id.*  He was detained by immigration officials on April 4, 2026.  *Id.*

This is Petitioner's second habeas petition challenging his detention. *See Sabillon Rodriguez v. Warden, Fla. Soft Side S.*, No. 2:26-CV-01221-SPC-NPM, 2026 WL 1223754 (M.D. Fla. May 5, 2026). On May 5, 2026, the Middle District of Florida concluded that Petitioner's detention fell under 8 U.S.C. § 1226(a), and he is entitled to a bond hearing. Doc. 7 at 2. After Petitioner requested a continuance, a bond hearing was held on May 27, 2026.  *Id.* at 2-3. The immigration judge denied bond, concluding that he posed a danger to the community.  *See* Doc. 7 at 3.

## DISCUSSION

In this second habeas case, Petitioner asserts that his due process rights were violated because (1) his detention is prolonged and (2) the immigration judge did not shift the burden to Respondents at the bond hearing. For the reasons stated below, the Court rejects Petitioner's claims.

I.   **Petitioner has not demonstrated that his detention is prolonged in violation of due process, or that he is entitled to further relief.**

Petitioner asserts that his detention without a bond hearing is prolonged in violation of due process. Petitioner was placed into immigration detention on April 4, 2026. He received a bond hearing on May 27, 2026. Petitioner has not carried his burden to show that his detention is prolonged and violates due process, or that he is entitled to a second bond hearing or release. To be sure, some courts have held that noncitizens detained under § 1226(a) pending a decision on

removal are entitled to another bond hearing after their detention becomes prolonged. The Second Circuit held that detainees are entitled to an additional bond hearing after their detention becomes prolonged. *Velasco Lopez v. Decker*, 978 F.3d 842, 854 (2d Cir. 2020). On the other hand, the Third and Ninth Circuits found that noncitizens were not entitled to an additional bond hearing after detention becomes prolonged. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213–14 (9th Cir. 2022). The Court need not decide which line of cases to follow. Here, Petitioner has been detained by ICE for approximately four months. Petitioner has not demonstrated that this constitutes prolonged detention or violates due process. He received a bond hearing less than three months ago, and therefore he has received the remedy for prolonged detention. Petitioner has not demonstrated that he is entitled to release over a bond hearing.

Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding

challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also responsible for asserting his own arguments and claims, and the Court is not required to argue on his behalf or act as his counsel. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."); *see also* D.N.M.LR-Civ. 7.3(a) ("A motion, response or reply must cite authority in support of the legal positions advanced."). Here, Petitioner failed to carry his burden to show a due process violation for prolonged detention.

Moreover, Petitioner has not demonstrated that release is the appropriate remedy over a bond hearing for prolonged detention under § 1226(a). Therefore, Petitioner failed to carry his burden or failed to properly present this issue to the Court.

II.     **Petitioner has not demonstrated that the placement of the burden of proof at the bond hearing on Petitioner violated due process.**

Petitioner asserts that the immigration judge violated his due process rights by placing the burden of proof as to flight risk and dangerousness on Petitioner. The Court notes that Petitioner generally challenges the placement of the burden of proof on noncitizens at bond hearings, and does not argue that any prior due process violation in his case– such as the erroneous application of mandatory detention to him under § 1225(b) – mandates shifting the burden to Respondents.

The Court finds that Petitioner has not demonstrated that due process generally requires the placement of the burden of proof on Respondents at a bond hearing.

Section 1226(a), at issue here, does not mention the burden of proof. It states in part: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) gives Respondents discretion to detain, release on bond, or parole a noncitizen. Generally, the release or bond decision is discretionary. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). Thus, the text of § 1226(a) does not place the burden on the Respondents to justify detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (noting that "[n]othing in § 1226's text ... supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

Although the plain language of the statute fails to clarify who bears the burden, relevant regulations provide the following:

> Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.

8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8) (2026). The phrase "provided that the alien must demonstrate to the satisfaction of the officer" indicates that the noncitizen bears the burden. This interpretation aligns with BIA precedent that found that the burden is on the noncitizen. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) ("The burden is on the alien to show to the satisfaction of the

5

Immigration Judge that he or she merits release on bond."); *see also In re Adeniji*, 22 I. & N. Dec. 1102, 1116 (B.I.A. 1999) ("Pursuant to 8 C.F.R. § 236.1(c)(8), the [noncitizen] must demonstrate that his release would not pose a danger to property or persons, and that he is likely to appear for any future proceedings."). Therefore, the regulations place the burden on the noncitizen.

The Supreme Court has touched on burden allocation under § 1226(a), but the Court has merely noted that the text does not indicate when each party should bear the burden. *See Jennings*, 583 U.S. at 306 (noting that "[n]othing in § 1226's text ... supports the imposition" of "periodic bond hearings every six months in which the Attorney General must prove by clear and convincing evidence that the alien's continued detention is necessary").

Moreover, Petitioner has not demonstrated that due process requires placing the burden on Respondents in his case. This Court analyzed a similar issue in *Montero Cordova,* concluding that a petitioner was not entitled to burden-shifting at a bond hearing. The Court adopts and incorporates herein its reasoning in *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *12-15 (D.N.M. Mar. 30, 2026) and denies Petitioner's request. As explained in *Montero Cordova,* the *Mathews* factor do not warrant shifting the burden at any bond hearing to Respondents under the circumstances of this case.

The Court must examine the adequacy of the procedure to ensure that the deprivation meets the demands of the Constitution. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In determining what process is due, the Court considers (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

**First *Mathews* factor: Petitioner's interest.**

The first *Mathews* factor considers the private interest at stake. Petitioner's basic interest in being free from detention is at stake. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (finding that freedom from detention is "the most elemental of liberty interests"). However, Petitioner has already received the procedures authorized by Congress, a bond hearing under § 1226(a) where an immigration judge concluded he was a danger. Overall, this factor weighs in his favor.

**Second *Mathews* factor: the risk of erroneous deprivation and the value of additional safeguards.**

The second *Mathews* factor considers the risk of erroneous deprivation of petitioner's interest under the procedures used and the probable value of additional safeguards. Here, Petitioner received a bond hearing under § 1226(a), at which the immigration judge concluded he was a danger. Petitioner summarily argues there is a high risk of erroneous deprivation, as the burden to show flight risk or danger was not placed on Respondents.

Petitioner has not demonstrated under the second *Mathews* that there was an erroneous deprivation of his rights in violation of the due process clause. The immigration judge ruled in part as follows:

> The respondent is a citizen of Honduras.  In 2004, he entered the United States without inspection. The respondent is married to a United States citizen and is the beneficiary of an approved I-130 visa petition that his wife filed. He will seek relief from removal in the form of cancellation of removal for non-lawful permanent residences.
>
> On November 13, 2025, the respondent was arrested for Leaving Scene of Crash/Serious Bodily Injury and no Valid Driver's License.  The arrest report shows that the victim was found on the ground bleeding from the head.  The report also shows that approximately half an hour later, the respondent returned to the

> scene. Both charges were nolle prose. The respondent speculates that his return to the scene of the accident led the State Attorney's Office to elected [sic] not to prosecute him. The respondent informed the court that the victim was a neighbor of his. However, the respondent could not offer any update on the victim's injuries.
>
> The respondent was previously convicted of driving without a license on January 12, 2023.
>
> Based on this recent and serious charges [sic], the court finds that the respondent is a danger to the community, denies his request for custody redetermination, and orders him detained without bond.

Doc. 7-3 at 1-2. The Court does not seek a high risk of erroneous deprivation of rights at his hearing.

Petitioner already received the fundamental features of due process—notice and an opportunity to be heard. *See Mathews*, 424 U.S. at 333, 96 S.Ct. 893 ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " (citations omitted)).  Moreover, a bond hearing under § 1226(a) is generally a sufficient process to mitigate the risk of erroneous deprivation.  *See, e.g., Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022). Therefore, Petitioner has failed to carry his burden under the second factor to show a risk of erroneous deprivation of his rights.

**Third *Mathews* factor: the Government's interest.**

The final *Mathews* factor considers the "Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. When considering the Government's interest, the Supreme Court has instructed that "it must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Detention has been deemed a valid part of sovereign prerogative "necessary to give effect to the provisions for the exclusion or expulsion of aliens." *Wong Wing v. United States*, 163 U.S. 228, 235 (1896). The Court recognizes that

"[o]ver no conceivable subject is the legislative power of Congress more complete." *Reno v. Flores*, 507 U.S. 292, 305 (citation modified). Thus, the Government's interest in enforcing its immigration policies is considerable.

Here, Petitioner does not fully analyze the third factor. Although the fiscal and administrative burdens of a burden-shifting requirement would likely be minimal, the legislature's silence on a burden-shifting requirement indicates that any judicially imposed burden-shifting requirement here would be displacing a congressional policy choice that the burden remain with Petitioner. *See E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 52 (2025) ("Statutory silence is generally 'inconsistent with the view that Congress intended to require a special, heightened standard of proof.' " (quoting *Grogan v. Garner*, 498 U.S. 279, 286 (1991))). Thus, the significant weight afforded to the executive and legislature over immigration matters renders the third *Mathews* factor favorable to Respondents. Respondents also have a strong interest in detention while the removal proceedings are pending. *Miranda v. Garland*, 34 F.4th 338, 364-65 (4th Cir. 2022). Removal proceedings "would be vain if those accused could not be held in custody pending the inquiry into their true character." *Wong Wing v. United States*, 163 U.S. 228 (1896). Thus, the Respondents' interest here is strong.

Balancing the *Mathews* factors, the Court concludes that Petitioner is not entitled to an bond hearing where the Respondents bear the burden of showing he is a flight risk or danger.

Finally, to the extent Petitioner challenges the ruling by the Middle District of Florida, which did not order burden-shifting at his bond hearing, it is not appropriate to challenge that ruling before this district court. *See Sabillon Rodriguez v. Warden, Fla. Soft Side S.*, No. 2:26-CV-01221-SPC-NPM, 2026 WL 1223754 (M.D. Fla. May 5, 2026) (omitting any reference to burden-shifting).

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE